Thomas A. Woodley, DC SBN 171090 (to be admitted *pro hac vice*)
T. Reid Coploff, DC SBN 993761 (to be admitted *pro hac vice*)
John W. Stewart, DC SBN 1028836 (to be admitted *pro hac vice*)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W., Ste 1000
Washington, DC 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)
taw@wmlaborlaw.com
trc@wmlaborlaw.com
jws@wmlaborlaw.com

CURRY, PEARSON & WOOTEN, PLC
Attorneys at Law
814 W. Roosevelt
Phoenix, Arizona 85007
(602) 258-1000 Fax (602) 523-9000

Michael W. Pearson, SBN 016281
mpearson@azlaw.com
docket@azlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew A. Turner; Scott Strohmeyer; Aaron Seth Gregar; and Christopher Samples,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Flagstaff, an Arizona municipal corporation,<br><br>Defendants. | Case No:_____<br><br>**COMPLAINT IN COLLECTIVE ACTION**<br><br>**(JURY TRIAL DEMANDED)** |

The plaintiffs are current or former employees of the defendant, City of Flagstaff, Arizona, and they bring this action on behalf of themselves and those similarly situated, as a

collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), against the defendant, because of defendant's unlawful deprivation of plaintiffs' rights to overtime compensation. Plaintiffs seek compensation, damages, equitable and other relief available under the FLSA, 29 U.S.C. § 201 *et seq*.

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.  Venue lies within this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).

**PARTIES**

2. At all times material herein, each of the plaintiffs has been employed by the defendant City of Flagstaff, Arizona, at the Flagstaff Fire Department ("FFD"). Plaintiffs Matthew A. Turner, Scott Strohmeyer, Aaron Seth Gregar, and Christopher Samples have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are appended to this Complaint as Exhibit A.  Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).

3. At all times material herein, Defendant City of Flagstaff was and still is a municipal corporation duly organized and existing under the laws of the State of Arizona, with its headquarters at 211 W. Aspen Avenue, Flagstaff, Coconino County, State of Arizona. The City of Flagstaff is the county seat of Coconino County and operates the Flagstaff Fire Department, responsible for fire and rescue services in the Flagstaff area.

4. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

2

## FACTS

5. At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

6. At all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

7. At all times material herein, defendant set plaintiffs' work schedules. Although actual scheduled shift times varied for plaintiffs, at all times material herein, plaintiffs were scheduled to work 96 hours in each 12-day work period, adopted pursuant to 29 U.S.C. § 207(k). Plaintiffs also frequently worked additional, unscheduled overtime shifts.

8. The FLSA, 29 U.S.C. § 207, requires that the defendant pay plaintiffs at one-and-one-half their regular rate of pay for each hour worked beyond 91 hours in each 12-day work period. Because plaintiffs have been scheduled to work 96 hours each 12-day work period, they are scheduled to perform and do perform five hours of work beyond the 91-hour overtime threshold for a 12-day work period. Furthermore, any additional work performed outside their regularly-scheduled work is beyond the hourly levels specified in the FLSA, 29 U.S.C. § 207. Therefore, plaintiffs are entitled to overtime pay at one-and-one-half times their regular rate of pay in the majority of work periods.

9. At all times material herein, plaintiffs have been entitled to, and in fact have earned, premium payments in addition to their base wages, pursuant to City of Flagstaff and FFD policy. For example, plaintiffs who perform assignments which bear a heightened level

3

of physical risk above the norm of the job, or which require special skills or additional certification and/or continuing education above and beyond the minimum requirements of the position, earn premium payments, such as "Technical Rescue Team" premiums, "Hazmat" premiums, "Arson" premiums, "SWAT" premiums, and "Tactical Medic" premiums. These payments are non-discretionary, do not compensate plaintiffs for expenses undertaken on the employer's behalf, and are part of the plaintiffs' total remuneration for employment.

10. At all times material herein, when defendant suffers or permits plaintiffs to perform overtime work, defendant fails to compensate plaintiffs at the full, legally mandated one-and-one-half times the "regular rate" for that work by impermissibly excluding certain remunerations from the overtime rate of pay, such as those listed above in paragraph 10 or otherwise undervaluing the plaintiffs' regular rate of pay.

11. Defendant's payment method results, and has resulted in, under-payment for overtime hours worked. Defendant suffered or permitted plaintiffs to perform overtime work without proper compensation.

## **VIOLATION OF 207(a) OF THE FAIR LABOR STANDARDS ACT**

12. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include all remuneration/premium payments that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

4

13. Defendant's failure to include premium payments/all qualifying remuneration in plaintiffs' regular rates of pay violates section 207(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b) (non-overtime premiums must be included in the regular rate at which overtime is paid). The failure to include these premium payments in plaintiffs' regular rates means that when plaintiffs are paid for overtime for working over the applicable hourly threshold (91 hours for a 12-day work period), they are paid at a rate that is below the rate mandated by the FLSA.

14. Further, the FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106.  Defendant has violated these basic principles by delaying plaintiffs' overtime payments for working in excess of the applicable hourly threshold in a given work period by weeks, months, and in some cases years after the overtime hours have been worked.

15. Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 207(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

16. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of defendant, or defendant's agents, and the

5

plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 207(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

17.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

18.     The failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful and reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

19.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, the plaintiffs pray that this Court grant relief against the defendant as follows:

(a)     Enter a declaratory judgment declaring that the defendant have willfully and wrongfully violated their statutory and legal obligations and deprived plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

(c)     Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d)     Award plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e)     Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

**RESPECTFULLY SUBMITTED** this 20th day of September, 2018.

**CURRY, PEARSON & WOOTEN, PLC**

*/s/ Michael W. Pearson*
Michael W. Pearson
814 W. Roosevelt St.
Phoenix, AZ 85007

John W. Stewart (to be admitted *pro hac vice*)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W., Ste 1000
Washington, DC 20005
*Attorneys for Plaintiffs*

7

# EXHIBIT A

## Consent to Become Plaintiff
### In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Flagstaff, Arizona, to recover unpaid overtime compensation and other relief.

MATTHEW A. TURNER
Print Name Clearly

*(signature)*
Signature

## Consent to Become Plaintiff
### In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Flagstaff, Arizona, to recover unpaid overtime compensation and other relief.

_Scott Strohmeyer_
Print Name Clearly

_[signature]_
Signature

## Consent to Become Plaintiff
## In a Wage and Hour Overtime Lawsuit

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Flagstaff, Arizona, to recover unpaid overtime compensation and other relief.

_Aaron Seth Cregar_
Print Name Clearly

_[signature]_
Signature

**Consent to Become Plaintiff**
**In a Wage and Hour Overtime Lawsuit**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with the City of Flagstaff, Arizona, to recover unpaid overtime compensation and other relief.

_Christopher Samples_
Print Name Clearly

_[signature]_
Signature