**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew A. Turner, et al., | No. CV-18-08227-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Flagstaff, et al., | |
| Defendant. | |

On August 7, 2019, the parties filed a joint motion for approval of their settlement agreement. (Doc. 38.) Because this is an action under the Fair Labor Standards Act ("FLSA"), judicial approval of the settlement agreement is required. *See generally Seminiano v. Xyris Enterprise*, Inc., 602 Fed. App'x 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."); *Lopez v. Ariz. Public Serv. Co.*, 2010 WL 1403873, *1 (D. Ariz. 2010) ("Normally, the Court does not rule on a private settlement negotiated between parties. However, because Plaintiffs filed a FLSA action against Defendant, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. The Court may approve the settlement if it reflects a 'reasonable compromise over issues.'") (citation omitted).

The Court has reviewed the settlement agreement and concludes that it does, in fact, reflect a fair and reasonable resolution of the issues. Thus, the settlement agreement will be approved.

However, the proposed order submitted by the parties in conjunction with their motion (Doc. 38-2) also includes a provision that would require the Court to "reserve[] jurisdiction of this Action for the purposes of enforcing the Settlement Agreement." Although a federal court may retain jurisdiction over a case that has settled, this is not the usual approach. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."). Thus, "if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate." *Cross Media Marketing Corp. v. Budget Marketing, Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). A district court may "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Id.* *See also Camacho v. City of San Luis*, 359 Fed. App'x 794, 798 (9th Cir. 2009) ("[I]t was the court's prerogative not to retain jurisdiction over any disputes raised by the [settlement].").

Here, the parties have not attempted to explain why continued federal jurisdiction is required, how long they expect such jurisdiction to be necessary, or why they would be unable to achieve adequate relief in state court—which is the traditional avenue for seeking relief following the breach of a contract—should any of the settling parties renege on their contractual responsibilities. Accordingly, the Court will not adopt the paragraph in the parties' proposed order providing for the retention of jurisdiction.[1]

---

[1] *Cf. SEC v. Gustafson*, 2018 WL 1629144, *1 (D. Minn. 2018) (rejecting continued-jurisdiction request where the underlying case was not "a long-running matter" and the parties had not "explain[ed] or attempt[ed] to limit the scope of the jurisdiction that the Court would retain"); *Domantay v. NGSI, Inc.*, 2014 WL 12621209, *1 (M.D. Fla. 2014) (rejecting continued-jurisdiction request in part because "[t]he parties do not provide any arguments or reasons why it is necessary for the Court to retain jurisdiction over the settlement"); *International Broth. of Elec. Workers, Local 90 v. National Elec. Contractors Ass'n*, 2008 WL 918481, *15 (D. Conn. 2008) (declining to retain jurisdiction to monitor enforcement of judgment and noting that "[i]f the defendants fail to comply, in any way," plaintiff "may exercise any of its post-judgment procedural options to enforce the judgment").

Accordingly, **IT IS ORDERED** that:

(1) The parties' joint motion for approval of settlement agreement (Doc. 38) is **granted**;

(2) This matter is dismissed with prejudice; and

(3) The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 26th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge